IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALLAH U. AKBAR,
ADC #82031                                                                          PLAINTIFF

v.                                      5:08CV00127SWW/HLJ

SHERRY ENDERLE, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge
Susan Webber Wright.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections
may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the
same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a state inmate incarcerated at the Diagnostic Unit of the Arkansas Department of

Correction (ADC), seeks relief in this action filed pursuant to 42 U.S.C. § 1983.   In his complaint,

plaintiff states defendants incorrectly associated him with another inmate's ADC number, resulting

in violent and sexual charges attributed to him.   Plaintiff states as a result, he was denied a

recommendation to be sentenced with the Arkansas Department of Community Correction.  Plaintiff

asks for immediate release from prison, and damages.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen

complaints seeking relief against an officer or employee of a governmental entity, and must dismiss

a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary

relief from a defendant immune from such relief.   An action is frivolous it "it lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that

is plausible on its fact."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

In his complaint, plaintiff complains about the manner in which defendants are implementing

his criminal sentence, and asks for monetary relief and release from prison.

To the extent that plaintiff requests monetary damages based on the improper sentence and confinement, the Court finds that this portion of his claim must fail pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-7 (1994). In <u>Heck</u>, <u>supra</u>, the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of habeas corpus.  In this particular case, plaintiff is asking the Court to award him damages based on an allegedly improper sentence and confinement. Therefore, the Court finds that his complaint falls within <u>Heck</u>, <u>supra</u>.

In addition, to the extent that plaintiff is challenging his improper sentence and placement, the Court finds that he is, in effect, challenging the length or duration of his confinement, and if successful, would be entitled to an earlier release from prison.  This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies.  <u>See</u> <u>Wilson v. Lockhart</u>, 949 F.2d 1051 (8th Cir. 1991).  Plaintiff does not indicate in his complaint that such state remedies have been pursued.   Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), Plaintiff's complaint against defendants is hereby DISMISSED.

The Court hereby certifies that any appeal taken from an Order and Judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 8th day of May, 2008.


_Henry L. Jones, Jr._
United States Magistrate Judge

3